UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAM ROSSITER HAND,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01390-JHC<br><br>ORDER |

This matter comes before the Court sua sponte. The Court has examined self-represented Plaintiff Adam Rossiter Hand's complaint, Dkt. # 5, and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants immune from such relief, the court must dismiss the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B). To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Even liberally construed, Plaintiff's complaint fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff seeks to bring constitutional claims under the First and Fourteenth Amendments of the U.S. Constitution, challenging the campaign finance regulatory framework created after *Buckley v. Valeo*, 424 U.S. 1 (1976) and *Citizens United v. Fed. Election Com'n*, 558 U.S. 310 (2010). He seeks declaratory and injunctive relief prohibiting the enforcement of *Buckley* and *Citizens United*. Plaintiff's complaint is frivolous because this Court does not have the authority to overrule binding Supreme Court precedent. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (holding that a trial court was "correct to recognize that the motion had to be denied unless and until this Court reinterpreted the binding precedent"); *see also United States v. Mitchell*, 502 F.3d 931, 982 (9th Cir. 2007) ("Whether contemporary values dictate a different answer today is for the Supreme Court to decide.").

Accordingly, the Court DISMISSES Plaintiff's Complaint (Dkt. # 5) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS Plaintiff leave to amend, if he wishes, within 14 days of the filing of this Order. If Plaintiff files a timely amended complaint and it does not meet the pleading standards, the Court will dismiss the matter with prejudice.

//

//

Dated this 30th day of September, 2026.

John H. Chun
United States District Judge